## Pickens v. State Workmen's Insurance Fund et al., Appellants.

Argued April 17, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

S. H. Torchia, with him Ralph H. Behney and Claude T. Reno, Attorney General, for appellants.

No appearance was made nor brief filed for appellee.

Opinion by Keller, P. J., June 24, 1940:

This appeal is concerned with the construction of section 306(e) of the Workmen's Compensation Act of 1915, P. L. 736, as amended by Act of June 4, 1937, P. L. 1552, 77 PS §531. The paragraph, before amendment, read as follows:

"(e) During the first fourteen days after disability begins the employer shall furnish reasonable surgical, medical, and hospital services, medicines and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. The cost of such services, medicines, and supplies shall not exceed twenty-five dollars, unless a major surgical operation shall be necessary; in which case the cost shall not exceed

seventy-five dollars. If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employe may procure the same, and shall receive from the employer the reasonable cost thereof within the above limitations. If the employe shall refuse reasonable surgical, medical, and hospital services, medicines and supplies, tendered to him by his employer, he shall forfeit all right to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal."

Under the amendment of 1937 it reads as follows (the *additions* made by the amendment being italicized) :

"(e) During the first *three months* after *the date of injury and during such further period as the board may, in the manner hereinafter provided, require in a particular case,* the employer shall furnish reasonable surgical, medical, *dental,* and *nursing* services, *hospital treatment, artificial appliances,* medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer: *Provided, That the injured employe, by petition to the board and notice to the employer, may be permitted by the board to consult a physician of his own choice at any time during his disability, the cost of such consultation to be paid by the employer in accordance with a schedule of charges to be prescribed and approved by the board. Any such request shall be acted upon promptly, either with or without a hearing, and shall have preference over any other matter or proceeding pending before the board or the referee. Upon application of an injured employe, the board may issue its order requiring the employer to furnish such further services, hospital treatment, medicines, artificial appliances or supplies during such further period, and in such additional amounts, after the three months' period, as the board may in the interest of justice deem advisable.* The cost of such services *(exclusive of the cost of hospital treatment and artificial appliances),* medicines, and supplies, *during the afore-*

*said three months' period,* shall not exceed *over two hundred dollars ($200).* If the employer shall, upon application made to him, refuse to furnish such services, *hospital treatment, appliances,* medicines, and supplies, the employe may procure same and shall receive from the employer the reasonable cost thereof. If the employe shall refuse *such* services, *hospital treatment, appliances,* medicines, and supplies, tendered to him by his employer, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal: *Provided, however, That the employe need not submit to surgical treatment which, in the opinion of at least two qualified physicians, might jeopardize his life. The employer shall also furnish to the employe, or pay the cost of, transportation to and from the place where such services are rendered, and reimbursement for such costs assumed by the employe may be enforced as payments of compensation are enforced."*

The changes, in this respect, were ostensibly enacted for the benefit of the injured employee, but were equally, if not more, to the advantage of physicians, surgeons, hospitals, nurses, etc., rendering services to the injured employee, since they greatly increased the amounts payable to them by the employer for such services and required the employer, at his expense, to furnish services, which before were largely supplied the employee free of charge. Being thus to the manifest advantage of third persons and imposing a heavy additional burden on the employer and his insurance carrier, there is no reason why they should be construed beyond the clear and plain language used. Otherwise they are open to abuse.

The following is a logical division and interpretation of the paragraph as amended:

(1) For three months after the date of injury the employer shall furnish to the injured employee reasonable surgical, medical, dental and nursing services, hospital treatment, artificial appliances, medicines and sup-

plies, as and when needed, unless the employee refuses to allow them to be furnished by the employer.

(2) The cost of such services during said three months' period, exclusive of hospital treatment, artificial appliances, medicines and supplies, shall not exceed $200.

(3) If the employer, upon application to him, refuses to furnish such services, treatment, etc., the employee may procure the same and shall receive the reasonable cost thereof from the employer.

(4) The employee may, *by petition to the board and notice to the employer,* be permitted to consult a physician of his own choice at any time during his disability, the cost to be paid by the employer, in accordance with a schedule of charges prescribed and allowed by the board.

(5) The petition referred to in (4) shall be acted upon by the board promptly, *with or without a hearing,* and shall have preference over any other matter then pending.

(6) If the employee shall refuse the services, etc. as above, tendered him by his employer, he shall forfeit all rights to compensation *for any injury or increase in his incapacity, shown to have resulted from such refusal.*

(7) But he need not submit to *surgical* treatment which, in the opinion of at least two qualified physicians, might jeopardize his life.

(8) *In a particular case* and in the manner herein provided, that is to say, *upon application of the injured employee,* the board may, after the three months' period prescribed in (1), issue its order *to the employer, directing him to furnish* the injured employee such further services, hospital treatment, etc., (a) during such further period, and (b) in such additional amounts, as in the interest of justice it deems advisable.

It is to be noted that when the injured employee desires to consult a physician of his own choice, rather than one furnished by the employer, he must apply by

petition to the board for permission to do so, if he intends the employer to be charged with the cost; and the context shows that this means that the permission thus sought is prospective, rather than retrospective; it is to charge the employer for services *to be furnished* by his own physician rather than for services *already furnished*.

We think the same intent is inherent or implied in the clause relating to the *furnishing* of surgical and medical services, etc. and hospital treatment, etc., *by the employer* after the initial period of three months has expired. If the employer, or his insurance carrier, upon being advised as to the necessity for such further services and treatment is willing to furnish them voluntarily, it can be done without any action by the board; but if unwilling, or the time is too short to obtain such consent, then, the employee must apply by petition to the board for "an order requiring the employer to furnish such further services"—not for an order requiring him to *pay* for services furnished before the application was made. The language throughout this clause refers to services, etc. *to be* furnished rather than to services, etc. *already* furnished. Furthermore the Act is careful to state that "the board may, *in the manner hereinafter provided,* require, in a particular case, [not generally], that the *employer furnish* reasonable surgical, medical .... services, hospital treatment ......" after the expiration of the initial three months' period; and the manner thereinafter provided was for the board "upon application of [the] injured employee", to issue its order *"requiring the employer to furnish such further service."* It is prospective, not retrospective.

Our construction imposes no hardship on the injured employee, or on his surgeon, physician, etc., or the hospital authorities, for it is upon their advice and representations as to his condition that the employee must rely in applying for further treatment; and they are chargeable with notice in the statute, that if they are

not willing to furnish any such further services free, or to look only to the employee for their payment, application must be made to the board for an order directing the employer to furnish the same; and to prevent any break in such furnishing by him, the application should be made on or before the expiration of the initial three months' period.

On the other hand, grave injustice might be done the employer and his insurance carrier, if claims for payment for such additional services and treatment, furnished months before, and as to which they have *then* no reliable means of investigating their validity and reasonable necessity, should be *ordered to be paid by them*, without any notice having been given them prior to the furnishing of such services, treatment, etc.

In those unusual cases, in which the injured employee himself is unable, because of physical or mental disability, to make or sign the application for such further surgical, etc. services and treatment, the application may be made on his behalf by some one acquainted with the facts as to his condition, and stating the reason why the employee is unable to apply for himself.

In the present case, the employee was injured on August 25, 1938. The three months' period expired on November 25, 1938. The application to the board for an order on the employer to furnish further service, treatment, etc. was not filed until February 2, 1939, and order was made on May 3, 1939, for payment by the State Workmen's Insurance Fund of hospital treatment from November 25, 1938 to December 16, 1938, and of surgical and medical services to March 25, 1939, and directing it to pay for further medical treatment for three months, not to exceed $20. We are of opinion that the employer or, in this case, its insurance carrier, State Workmen's Insurance Fund, is not liable for additional medical and surgical services or hospital treatment furnished the employee between November 25, 1938 and February 2, 1939, and that to that extent the

order of the board and the judgment of the court below is erroneous.

The judgment is reversed to the extent above stated. Unless the parties can agree upon the amount to be paid under this opinion, the record will be remitted to the board with directions to enter an order in accordance herewith.