Rockingham,  
Oct. 7, 1952. } No. 4117.

ALBERT F. CARBONNEAU, SR. *by Everett P. Holland, G'd'n*

*v.*

UNITED STATES CASUALTY COMPANY *& a.*

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the plaintiff.

*Sullivan & Gregg* and *S. Robert Winer* (*Mr. Winer* orally), for the defendant companies.

*Gordon M. Tiffany*, Attorney General, for the defendant Commissioner, furnished no brief.

DUNCAN, J. Section 19 of the workmen's compensation law (Laws 1947, *c.* 266, as amended) provides in part as follows: "MEDICAL, HOSPITAL CARE, etc. During the first ninety days after an injury to an employee, an employer subject to this chapter, shall furnish to an injured employee, or cause to be furnished, free of charge, reasonable medical and hospital services, or other remedial care when needed . . . and the injured employee, if he so chooses shall have the right of selection of a duly qualified physician or other remedial care upon due notice to the employer. Such ninety day period may be extended from time to time at the discretion of the commissioner of labor upon written request of the injured employee to the commissioner of labor and after the employer has been given an opportunity to file objections thereto and to be heard thereon . . . . Such aid shall not be considered under the provisions of sections 20 to 24."

By section 40 of the act "questions arising under [the act]" are to be determined by the Superior Court if not settled by agreement. Thus the Court has jurisdiction to determine the questions presented by this petition. By the express provision of section 19, *supra*, the authority to determine whether there shall be an extension of the period within which the employer is required to furnish remedial care to the employee is vested in the Labor Commissioner. *Cf. Bolduc* v. *Company*, 96 N. H. 235, 239. The only question before the Superior Court following action by the Commissioner under section 19 is whether he as the "fact finding tribunal has acted illegally . . . ." *Cloutier* v. *State Milk Control Board*, 92

N. H. 199, 203. The Trial Court in this case so interpreted the statute.

The first question transferred is whether the Commissioner may extend the period when the request for extension is made after ninety days from the date of injury. The defendant companies argue that a period which has terminated "cannot be extended," and that an extension can only be a protraction of the original period, and not a renewal thereof. Reliance is placed upon the case of *Pickens* v. *Wkm's. Ins. Fund,* 140 Pa. Super. 258, construing the Pennsylvania statute; and upon certain other decisions relating to extensions of time in judicial proceedings. *Cf. In re Parent,* 30 F. Supp. 943.

The question is one of interpretation of our own compensation statute. While the section in question authorizes the Commissioner to grant an extension "upon written request of the injured employee" it contains no requirement either that the request be made or that the extension be granted within "the first ninety days." "Such . . . period may be extended from time to time" is the language used. While it may not be clear whether the words "from time to time" refer to the length of the extension or to the time when it may be granted, neither interpretation would serve to require that the extension be sought or granted within the first ninety days. If the authority of the Commissioner is to be thus limited, it must be solely because of implications of the word "extended."

In the construction of workmen's compensation legislation the interpretation of statutes or rules regulating procedure in other types of litigation is not thought to be controlling. It is well settled that our compensation act is intended primarily to afford limited compensation (*Mulhall* v. *Company,* 80 N. H. 194, 199) to the injured employee for his loss of earning capacity. *Peak* v. *Company,* 87 N. H. 350, 352. Provision for remedial care for a limited period following an injury has long been a part of the statute. Laws 1923, *c.* 91, *s.* 1. It was doubtless intended to preserve to the employee the benefit of compensation without substantial reduction for medical or hospital expense. The provision for extension of the ninety day period first appearing in Laws 1947, *c.* 266, *supra,* was calculated to further this purpose in appropriate cases. For example, without such a provision a workman whose need for medical care first arose after ninety days from injury would be deprived of benefits accorded to others who required immediate treatment.

In *Union Iron W'ks.* v. *Industrial Acc. Co.*, 190 Cal. 33, 42-46, it was held under a similar provision of the California statute that an extension might be granted after the ninety-day period had expired. Declining to follow interpretations of "purely procedural acts," the court there said: "It follows that the length of time for which the employee should be entitled to medical services is the length of time necessary to his complete recovery. Otherwise . . . by just so much is the compensation . . . lessened." *P.* 45. In holding that an extension might be granted at any time while the employee was entitled to compensation, the court further said: "There is no reason why such determination should not be made after the ninety day period. Indeed, in most cases, this would seem as a practical matter to be the better if not the only course." *P.* 46. The reasoning relied upon by the California court is applicable to this case, and we accordingly hold that an extension may be granted under section 19 after the expiration of the first ninety days following injury.

The second question is whether the Commissioner may "because of the special circumstances involved . . . extend the period so as to make it both retroactive and prospective." What may be extended under the statute is the period in which the employer "shall furnish . . . or cause to be furnished . . . remedial care when needed." Before an extension may be granted there must be a written request, and an opportunity for the employer to object and to be heard (*s.* 19). This requirement was clearly designed for the benefit of the employer. *Mulhall* v. *Company*, 80 N. H. 194, 205. The implication of the section is that the Commissioner shall determine what further care the employer shall be required thereafter to furnish, and not what care, previously obtained by the employee, the employer shall be required to pay for. The employer is entitled to be heard before rather than after liability is imposed under an extension. The entry of a retroactive order was not contemplated in the usual case.

The question remains whether in the circumstances of this case the defendants may nevertheless be required to pay for care received by the employee prior to the request for an extension, because the employee himself was prevented by mental incompetency from requesting it. Section 14 of the act, requiring notice of an accident as a condition precedent to maintenance of a claim for compensation, provides in the case of mental incapacity that the time for such notice shall run from the removal of such incapacity,

rather than from the date of the accident. No comparable provision was made in section 19 with respect to the time for request for extension of the period for remedial care. *Cf.* Laws 1911, *c.* 163, *s.* 8. It is a reasonable inference that none was intended. See *Howe* v. *Howe,* 87 N. H. 338, 341; *State* v. *Wilton Railroad,* 89 N. H. 59, 61. Compensation acts have not been designed to place the entire burden of employees' losses upon industry (*Mulhall* v. *Company, supra,* 199), and the right of the workman is no greater than the Legislature has provided it shall be. The case of · *Bean* v. *Insurance Company,* 88 N. H. 416, establishing the "general policy of the law of contracts" (*p.* 420) is not controlling in the construction of a statute such as this. The request of the employee and the opportunity for hearing, required by section 19, are conditions precedent to any right to additional remedial care. They are not merely procedural devices for the enforcement of a right which has already arisen by virtue of the existing statute. *Cf. Bean* v. *Insurance Company, supra,* 419. Under the circumstances we conclude that no exception to the requirements of section 19 is available to the plaintiff.

The Commissioner may not in compliance with section 19 extend the period upon the plaintiff's application, so as to require the defendants to pay for remedial care furnished prior to the application. Whether the requirement shall be extended for any period following the application is for the Commissioner to determine in accordance with the statute. Since it appears that he may have acted under a misapprehension concerning his authority, and hence without exercising his discretion, the case will be remanded to the Superior Court for final disposition, following reconsideration by the Labor Commissioner in the light of this opinion. *Firemen's Insurance Company* v. *Houle,* 96 N. H. 30, 33.

*Case discharged.*

All concurred.