## Pesognelli Liquor License Case.

Argued November 11, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*George G. Lindsay,* Assistant Attorney General, with him *John E. Caputo,* Special Assistant Attorney General, *Horace A. Segelbaum,* Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for appellant.

*Milton D. Rosenberg,* with him *Bloom, Bloom & Yard,* for appellee.

OPINION BY ERVIN, J., December 17, 1959:

The only question presented by this appeal is whether the Pennsylvania Liquor Control Board may renew a restaurant liquor license when the application for renewal is filed 73 days after the final date as fixed by statute and 13 days after the license had expired. The board refused the renewal. The court below reversed the board and ordered it to issue the license.

John B. Pesognelli has, since April 13, 1955, been the holder of a restaurant liquor license issued by the Pennsylvania Liquor Control Board for premises situate at 427 McKean Avenue, Charleroi, Washington County, Pennsylvania. In that particular county li-

cense years terminate on each April 30.[1] Mr. Pesognelli failed to file an application for a renewal of his license to expire on April 30, 1960 until May 13, 1959, and then only after his arrest for unlicensed sales of alcoholic beverages. The reason given by the applicant for failure to file his application for renewal within time was that he was ill and in a severe anxiety state, evidenced by a confused mind, and an inability to remember things, to think clearly or to concentrate.

There is nothing in the Liquor Code granting the Pennsylvania Liquor Control Board the right to alter, modify or change the provisions thereof. To grant such right would render meaningless any restrictions or restraints upon it or other administrative agencies. The language of the act is clear and precise: "All applications for renewal of licenses under the provisions of this article shall be filed at least sixty days before the expiration date of the same and not thereafter." The legislature went to the extreme of adding to the basic language the phrase "and not thereafter."

An administrative tribunal cannot be given an unlimited or arbitrary discretion, for to do so would re-

---

[1] Section 470(a) of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 PS §4-470, as amended, provides, inter alia: "All applications for renewal of licenses under the provisions of this article shall be filed at least sixty days before the expiration date of the same and not thereafter."

Section 402 of the Act, 47 PS §4-402, as amended, provides, inter alia: "The board shall, by regulation, fix the license year for each separate district so that the expiration dates shall be uniform in each of the several districts but staggered as to the State."

Regulation 100 of the Pennsylvania Liquor Control Board, adopted June 26, 1952, provides, inter alia: "Section 100.01. Assignment of Counties to Districts. Under and pursuant to Section 402 of the Liquor Code, the Pennsylvania Liquor Control Board by this regulation divides the State into four license districts, as follows: . . . COUNTIES IN DISTRICT No. 3 EXPIRATION DATE: APRIL 30 . . . WASHINGTON. . . ."

sult in a government of men instead of a government of laws. The legislature may grant tribunals a broad discretion in the application of standards, but these standards must be limited in scope by provisions in the statute: *Hotel Casey Co. v. Ross et al.*, 343 Pa. 573, 23 A. 2d 737.

"The power and authority to be exercised by administrative commissions must be conferred by legislative language clear and unmistakable. A doubtful power does not exist. Such tribunals are extra judicial. They should act within the strict and exact limits defined." *Green et al. v. Milk Control Commission*, 340 Pa. 1, 16 A. 2d 9, citing *Citizens Passenger Railway Co. v. Public Service Commission*, 271 Pa. 39, 114 A. 642; *Swarthmore Borough v. Public Service Commission*, 277 Pa. 472, 121 A. 488, and others.

In a similar proceeding we held that no right existed in the Workmen's Compensation Board to entertain a "nunc pro tunc" filing of a claim: *Pickens v. State Workmen's Insurance Fund et al.*, 140 Pa. Superior Ct. 258, 13 A. 2d 896. Speaking through President Judge KELLER, the Court said: "In those unusual cases, in which the injured employee himself is unable, because of physical or mental disability, to make or sign the application . . ., the application may be made on his behalf by some one acquainted with the facts as to his condition, and stating the reason why the employee is unable to apply for himself."

Order reversed.