MARVIN MANLEY

*v.*

MUNICIPALITY OF JEFFERSON CITY and BITUMINOUS CASUALTY CORPORATION.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

Rehearing Denied March 10, 1961.

J. CARL LAMBDIN, Jefferson City, for appellant.

O'NEIL, JARVIS, PARKER & WILLIAMSON, Knoxville, J. BRICE WISECARVER, Jefferson City, for appellees.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a workmen's compensation suit which resulted in its being dismissed by the Circuit Judge.

On September 15, 1958, Manley was in his regular employment operating a loader. The front wheel of the loader struck a rock causing the steering wheel, which was being held by the petitioner, to make a quick turn and thereby twisting or jerking him in such way that he received a slight injury to his neck. Some pain followed with soreness and this continued for some weeks.

The injury was reported by the petitioner to the defendant but at that time it was not thought that it was serious or that medical treatment was necessary.

About a month after that the petitioner went to a chiropractor for treatment and when this was called to the attention of the insurance agent, the insurance agent called defendant, Bituminous Casualty Corporation, and was told that the company did not recognize and pay chiropractor's bills.

The insurance agent then contacted the petitioner and requested him to report to Doctor Herschel Penn in Knoxville for examination and treatment. Doctor Penn, after an examination, prescribed medication such as aspirin, etc., but the chiropractor advised the petitioner not to take such medication.

It appears that petitioner continued to go to the chiropractor and personally paid a part of the bill. His bill is now $215 and the only question in this lawsuit is whether the defendant is liable for the chiropractor's bill.

We are of the opinion that the trial judge was correct in not granting the petition.

The defendant furnished to the petitioner and he accepted the medical treatment of one of Tennessee's outstanding specialists in this kind of work. In *General Motors Corp. v. Socorso,* 9 Terry 418, 48 Del. 418, 105 A. 2d 641, it was held that the petitioner was not entitled to recover for a chiropractor's bill of his own choice when he was receiving treatment from a physician which was being paid for by the defendant company.

The petitioner testified that the chiropractor advised him not to use the medical treatment which was prescribed by Doctor Penn, but instead treated by manipulation of the spinal column.

We are of the opinion that the insurance company discharged its full duty under the statute when it furnished and paid for the medical treatment given the petitioner.

It results that we find no error in the judgment of the lower court and it is affirmed.