## Motta Liquor License Case.

Argued November 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Lewis J. Nescott,* Special Assistant Attorney General, with him *Horace A. Segelbaum* and *George G. Lindsay,* Assistant Attorneys General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*Stephen A. Zappala,* with him *Zappala & Zappala,* for appellee.

OPINION BY WOODSIDE, J., December 14, 1960:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the County Court of Allegheny County directing the board to issue a renewal

restaurant liquor license to Edward Motta, trading as "Modern Grill", for premises in Pittsburgh.

Motta was issued a restaurant liquor license which terminated April 30, 1959. On March 2, 1959, he filed an application with the Pennsylvania Liquor Control Board for renewal of the license.

Section 470(a) of the Liquor Code of April 12, 1951, P. L. 90, 47 P.S. §4-470(a), provides, inter alia, as follows:

"(a) All applications for renewal of licenses under the provisions of this article shall be filed at least sixty days before the expiration date of same and not thereafter. Unless the board shall have given ten days' previous notice to the applicant of objections to the renewal of his license, based upon violation by the licensee . . . or unless the applicant has by his own act become a person of ill repute, or unless the premises do not meet the requirements of this act or the regulations of the board, the license of a licensee shall be renewed when the applicant shall file with the board a new approved bond and shall pay the requisite filing fee and license fee specified in this act."

When Motta applied for a renewal of his license, he did not pay or tender the $10 filing fee or the $600 license fee required by §405 of the Liquor Code, 47 P.S. §4-405.

Before his license expired, the board notified him by two separate letters that his license would not be renewed unless he paid these fees. After his license had expired, Motta continued to sell alcoholic beverages. He was charged with selling liquor and beer without a license, pleaded nolle contendere, and was sentenced on July 10, 1959. The board notified him on August 18, 1959, that it had refused his application for renewal of his license. On that date, Motta for

the first time tendered the fees, which the board refused.[1]

Motta then asked the board for a hearing during which he presented evidence concerning his financial difficulties. He contends that financial problems growing out of family illness made it impossible for him to raise the money to pay the required fees. As inability to raise the necessary funds to pay the required filing and license fees in a liquor license case does not excuse the failure to pay such fees, this evidence was irrelevant. The board, however, heard the evidence, but by formal order dated October 6, 1959, again refused the application for renewal because the fees had not been paid at the required time.

Upon appeal by Motta, the County Court of Allegheny County reversed the board and directed it to issue the license. The board then appealed to this Court.

The court below, citing §104, 47 P.S. §1-104(a), was of the opinion that the Liquor Code should be liberally construed in favor of the licensee. This was error. A liquor license is a privilege and not a property right. *Tahiti Bar, Inc. Liquor License Case,* 186 Pa. Superior Ct. 214, 216, 142 A. 2d 491 (1958). The Liquor Code is to be liberally construed in the interest of the public welfare and not in aid of persons seeking the renewal of a license for private gain. *Clinton Management, Inc., Liquor License Case,* 188 Pa. Superior Ct. 8, 15, 145 A. 2d 873 (1958); *DiRocco Liquor License Case,* 167 Pa. Superior Ct. 381, 385, 74 A. 2d 501 (1950); *Bierman Liquor License Case,* 188 Pa. Superior Ct. 200, 206, 145 A. 2d 876 (1958);

---

[1] The board's brief says: "The licensee has never made formal tender," while the licensee's brief says, "On August 18, 1959, appellee tendered the necessary filing fee and renewal fee." We have treated the case as though the tender was made.

*Oriole's Liquor License Case,* 146 Pa. Superior Ct. 464, 468, 22 A. 2d 611 (1941). It does not promote the public welfare for a licensee to permit his license to expire through non-payment of required fees, as the resulting unlawful sales subsequent to the expiration of the license in this case clearly demonstrates.

Erroneously applying a construction liberal to the licensee, the court below concluded that the legislature intended to permit the licensee to pay his fees for renewal after the license had expired, providing he had sent an application to the board for the renewal 60 days prior to the expiration of his current license. The court pointed out that §469 of the Liquor Code relating to the transfer of a license specifically provides for the payment of the filing fee at the time of the application, while §470(a), supra, which is involved here, has no such provisions but provides for the issuance of the renewal "when" the fee is paid. In his ably presented argument, counsel for appellee urges that since the legislature did not specifically require the payment of the fees at the time of filing the application, and since it said that the license should be issued "when" the fees were paid, it did not intend to require the payment of the fees for the renewal of a license at any particular time. Therefore, he argues that the board must issue the license "when" the fees are tendered, whenever that may be.

Ordinarily, a "filing fee" is required in order to have a document filed. It is not reasonable to assume that the legislature intended the Commonwealth to operate a credit business for $10 filing fees in these isolated instances of applications for renewal of liquor licenses.

The Pennsylvania Liquor Control Board points out that its regulation 100.04 provides, "Applications for new and renewal licenses . . . must be accompanied,

at the time of filing, by separate remittances covering the required filing fee, license fee . . ." It argues that this regulation, made under authority of §207(h) (i) of the Liquor Code, 47 P.S. §2-207(h) (i), makes mandatory the payment of the fees at the time of filing. By writing the licensee for his fees, the board indicated that it would have accepted payment of the fees subsequently to the last day for filing an application for renewal of license. Were the board to do this, of course, it would be waiving its own rule.

We are not here dealing with a case where the tender of the fees was made a few days after the last day to file the application, but we are dealing with a case where no tender of the fees was made until *after* the license of the appellee had expired. Regardless of the effect of the rule and the letters upon a tender of the fees *prior* to the expiration of the license, we are satisfied that *after* the expiration of the license, the board properly refused any tender of the fees, and properly denied the application for "renewal" of a license that then no longer existed. The legislature did not intend otherwise.

Order of the court below is reversed and the order of the board reinstated.