# Giardino Di Torino, Inc., Appeal

*Eugene Cortese,* for petitioner.

SLOANE, P. J., April 18, 1963.—The Pennsylvania Liquor Code of April 12, 1951, P. L. 90, sec. 470(a), 47 PS §4-470 (a), provides that "all applications for renewal of licenses . . . shall be filed at least sixty days before the expiration date of same and not thereafter." Petitioner, Giardino Di Torino, Inc., did not literally comply with this provision and accordingly on December 17, 1962, the Pennsylvania Liquor Control Board refused to renew petitioner's restaurant liquor license on premises 824-826 South Eighth Street, Philadelphia, for the period beginning November 1, 1962, and ending October 31, 1963. Subsequently a hearing upon the refusal to grant the renewal was held and the following uncontroverted evidence was presented:

1. The application for renewal was received by Mrs. D'Angelo, president of petitioner corporation, who, in accordance with the usual practice, set it aside for Mr. John Festa, a certified public accountant who handled the accounting affairs for petitioner, and in this respect was its confidant. Mrs. D'Angelo is an illiterate, and she turned over all papers to Mr. Festa.

2. The secretary and manager of the corporation borrowed money for the purpose of paying the license fee

and the filing fee and turned this money over to Mr. Festa.

3. On September 30, 1962, Mr. Festa died, suddenly. It was assumed by petitioner that the application had been processed in a timely manner because Mr. Festa had it for two months before his death and he always took care of this matter promptly.

4. Each year petitioner's procedure for renewal of the license was the same, and each year the renewal was effected.

5. (a) Inasmuch as the application should have been submitted several weeks prior to the time of Mr. Festa's death, petitioner had no reason to believe that the usual procedure had been disrupted.

(b) Only after seeking something else amongst Mr. Festa's effects belonging to petitioner did petitioner discover that the application and money had not been submitted to Harrisburg.

(c) Immediately, petitioner, obeying the law, ceased all sale of liquor. The next day the application and fee were tendered but were not accepted.

6. Except for one possible citation in 1962, there has not been any legal askance by petitioner though petitioner or the shareholders thereof and their family have been in the restaurant business at the same location, 824-826 South Eighth Street, Philadelphia, since 1895 and have had a liquor license since the repeal of prohibition.

7. Since the time of the discovery of the failure of Mr. Festa to file the application, petitioner has not sold any liquor.

We recognize and respect the two decisions, Motta Liquor License Case, 194 Pa. Superior Ct. 42, Pesognelli Liquor License Case, 191 Pa. Superior Ct. 320, and we shall not, dare not raise any strength of opposition to these decisions. We hold fast to these pronouncements of the Superior Court; but we like not to regard

or evaluate them as marmoreal or rigid or austere and the totality of circumstance of the matter before us stirs an urgency to consider and fulfill innocence. Petitioner here, on the board's own sympathetic concession, did the usual everything to get a renewal of its license, complied in every respect,—through its employed and trusted representative, an accountant, who on behalf of an unlettered majority shareholder had done the matter before, rightly and annually; but this year he died unexpectedly and before doing the final all that was regular and expected, that is, filing the application with the board and paying the received and required fee.

It seems too harsh an enforcement of even a sumptuary or public welfare law to fasten the heavy penalty of the full loss of a license and its dire sequence of considerable trade loss to the guileless, guiltless petitioner. The dead should not thus shut off the breath of the living. Petitioner should have its annual license. A hard case should not make hard law; and our decision here, we believe, is a warm affirmation and an understanding commentary of the Superior Court decisions, and does not yield their force.

And now, April 18, 1963, the order of the Pennsylvania Liquor Control Board is reversed and the board is directed to issue the renewal of the restaurant liquor license applied and paid for by Giardino Di Torino, Inc., for restaurant premises numbered 824-826 South Eighth Street, Philadelphia.