## Village Cocktail Lounge, Inc. Liquor License Case.

Argued March 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*James J. Phelan, Jr.,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*John J. Poserina, Jr.,* with him *Edward F. Kane,* for appellee.

OPINION BY WRIGHT, J., April 15, 1965:

On July 5, 1963, the Village Cocktail Lounge, Inc., filed with the Pennsylvania Liquor Control Board an application for the renewal of a restaurant liquor license for premises located at Jenkintown and Edgehill Roads, Ardsley, Abington Township, Montgomery

County. On July 17, 1963, the Board advised the licensee that the renewal application would not be accepted because it had not been filed in time. Following a premature appeal and a subsequent hearing before the Board, an order was entered by the Board on May 22, 1964, again refusing to renew the license. The applicant then appealed to the Court of Quarter Sessions of Montgomery County. After hearing testimony, Judge HONEYMAN entered an order on September 11, 1964, sustaining the appeal and directing the Board to issue a renewal of the license. The Board has appealed to this court.

The record discloses that the expiration date of the license was January 31, 1963. Section 470 of the Liquor Code[1] reads in pertinent part as follows: "All applications for renewal of licenses under the provisions of this article shall be filed at least sixty days before the expiration date of same and not thereafter". Under this clear and precise language the last day to file the application for renewal of the license was December 2, 1962, and the instant application was concededly filed over seven months late. The corporation had engaged a Philadelphia accountant to take care of preparing and filing all forms with state or federal agencies. When the renewal forms were received by the licensee, they were turned over to the accountant. In early November 1962, the accountant was hospitalized and underwent surgery. He did not return to work until the middle of January 1963. A fire occurred on the licensed premises on January 21, 1963, causing serious damage and destruction. The fire marshal refused to permit anyone to enter the premises for a period of several months thereafter. It was eventually discovered that the license had expired, and the belated renewal application was filed.

[1] Act of April 12, 1951, P. L. 90, Section 470, 47 P.S. 4-470.

This appeal is ruled by our decision in *Pesognelli Liquor License Case,* 191 Pa. Superior Ct. 320, 156 A. 2d 540. In that case the application for renewal was filed seventy-three days after the final date fixed by the statute and thirteen days after the license had expired. The reason for the belated filing of the renewal application was the licensee's illness. The Board refused the renewal and, as in the case at bar, the lower court reversed the Board and ordered it to issue the license. In reversing the order of the court below we said: "There is nothing in the Liquor Code granting the Pennsylvania Liquor Control Board the right to alter, modify or change the provisions thereof. To grant such right would render meaningless any restrictions or restraints upon it or other administrative agencies". To the same effect is our subsequent decision in *Motta Liquor License Case,* 194 Pa. Superior Ct. 42, 166 A. 2d 50. In that case the licensee filed a timely renewal application. Because of family illness, he did not pay the filing fee or the required license fee. We held that the Board properly refused tender of the fees after the license had expired.

The learned hearing judge in the instant case initially took the correct position that he lacked authority to sustain the licensee's appeal.[2] He was subsequently persuaded to change his mind because the Board had not appealed the lower court decision in *Giardino Di Torino Inc., Appeal,* 30 Pa. D. & C. 2d 497, wherein the Court of Quarter Sessions of Philadelphia County did not follow our decisions in the *Pesognelli* and *Motta* cases. With all respect to the distinguished jurist who wrote the *Giardino Di Torino* opinion, that case is hereby expressly disapproved.

Order reversed.

---

[2] "I was always under the impression in my days of practicing law that if you let your renewal date go by it was too bad; that was the end of the ball game".