Opinion by
Watkins, J.,
This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Sessions of Blair County that reversed the decision of the Board and directed the renewal of a club liquor license, when the application for renewal was not filed within sixty days prior to the expiration date of the license, as required by the Liquor Code.
The German-American Veterans and Soldiers Society of Altoona, Pa., the appellee, was the holder of a club liquor license for premises located at 1701 South Ninth Street, Altoona, Pa. The expiration date of said license was January 81, 1966. The application for renewal under the requirements of the Liquor Code should have been filed on or before December 2, 1965. The renewal application was actually filed on December 15, 1966, approximately thirteen months after the required statutory date.
The Board refused the application for renewal; the court below reversed and directed the license to issue; the Board appealed to this Court.
Section 470(a) of the Act of April 12, 1951, P. L. 90, as amended, known as the Liquor Code, 47 PS 4-470(a), provides, inter alia: “All applications for renewal of licenses under the provisions of this article shall be filed at least sixty days before the expiration date of same and not thereafter . . .”. This section applies to the renewal of all licenses, which includes club liquor licenses.
We agree with the Board that this appellant is in no position to argue extenuating circumstances because the record shows that the club was operating ille *19 gaily in the month of April, 1966 and paid a fine and costs in a criminal prosecution for illegal sales of alcoholic beverages, in the Court of Quarter Sessions of Blair County, after pleading guilty on July 18, 1966. The application for renewal was not made until five months thereafter.
In Village Cocktail Lounge, Inc. Liquor License Case, 205 Pa. Superior Ct. 247, 209 A. 2d 41 (1965), this Court said, at page 250: “This appeal is ruled by our decision in Pesognelli Liquor License Case, 191 Pa. Superior Ct. 320, 156 A. 2d 540. In that case the application for renewal was filed seventy-three days after the final date fixed by the statute and thirteen days after the license had expired. The reason for the belated filing of the renewal application was the licensee’s illness. The Board refused the renewal and, as in the case at bar, the lower court reversed the Board and ordered it to issue the license. In reversing the order of the court below we said: ‘There is nothing in the Liquor Code granting the Pennsylvania Liquor Control Board the right to alter, modify or change the provisions thereof. To grant such right would render meaningless any restrictions or restraints upon it or other administrative agencies’. To the same effect is our subsequent decision in Motta Liquor License Case, 194 Pa. Superior Ct. 42,166 A. 2d 50. In that case the licensee filed a timely renewal application. Because of family illness, he did not pay the filing fee or the required license fee. We held that the Board properly refused tender of the fees after the license had expired.”
The order of the Court of Quarter Sessions is reversed and the order of the Liquor Control Board is reinstated.