Sidney S. Lerner, M.D., Administrator of the Estate of Samuel Lerner, Deceased, Appellant, *v.* Workmen's Compensation Appeal Board and Philadelphia Psychiatric Center, Appellees.

Argued June 6, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Sidney S. Lerner, M.D.*, appellant, for himself.

*Martin J. Fallon, Jr.*, with him *John F. McElvenny*, for appellees.

OPINION BY JUDGE ROGERS, July 29, 1974:

The claimant in this workmen's compensation case is Sidney S. Lerner, M.D., the administrator of the estate of his deceased brother, Samuel.

On January 9, 1970, Samuel Lerner, an aide at the Philadelphia Psychiatric Center, was struck on the head and his skull fractured by a patient. He returned to work on March 11, 1970. The insurer paid Samuel Lerner's medical bills and provided compensation during the period January 9, 1970 to March 11, 1970. It filed a petition for termination on July 29, 1970, which is still apparently in litigation before the compensation authorities.

Since sometime before the accident, Samuel Lerner suffered from diabetes and peripheral vascular disease. After the accident these disorders accelerated. He was unable to work after November 1970 and he died on December 21, 1971.

On July 13, 1973, Sidney S. Lerner, in his capacity as administrator of Samuel Lerner's estate, filed with

the Workmen's Compensation Appeal Board a petition for further medical services pursuant to section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, 77 P.S. §531, which provided that "[d]uring the first twelve months after disability begins, the employer shall furnish reasonable surgical and medical services . . . . The board may order further medical, surgical and hospital services if it is established that further care will result in restoring the injured employe's earning power to a substantial degree." Act of December 31, 1965, P.L. 1284, §3.[1] The board dismissed the petition and Sidney Lerner has appealed that action to this court.

The issue, of course, is whether the further medical services authorized by 306(f) might be granted by the board upon a petition filed after their rendition. It was settled that they may not, in *Pickens v. State Workmen's Insurance Fund,* 140 Pa. Superior Ct. 258, 13 A.2d 896 (1940). In *Pickens* the court indeed held that the petition must precede the services under then section 306(e), which did not contain the condition provided by section 306(f) that it be established that a restoration of earning power *"will* result." (Emphasis supplied.)

We have carefully considered all of the contentions advanced by the claimant in his brief, argument and supplemental brief. They do not, and cannot, prevail over such clearly established law.

### Order

And Now, this 29th day of July, 1974, the claimant's appeal is dismissed and the board's order of November 8, 1973 is affirmed.

---

[1] By the Act of March 29, 1972, P.L.    , No. 61, §12, 77 P.S. §531, effective May 1, 1972, there is no longer a limitation of time on the employer's liability for such expenses and, of course, no requirement of application for further expenses.