Forrest L. Whiteman, Appellant, *v.* Workmen's Compensation Appeal Board, 7-Up Bottling Company and Liberty Mutual Insurance Company, Insurance Carrier, Appellees.

Argued February 7, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Myron H. Deutsch,* for appellant.

*Barbara A. Pennell,* with her *Joseph R. Thompson,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, March 24, 1975:

This is an appeal by Forrest L. Whiteman (Whiteman) from an order of the Workmen's Compensation Ap-

peal Board, dated May 23, 1974, which denied Whiteman's "Petition for Rehearing Re: Granting Retrospective Medical Expenses."

Whiteman suffered an accident on May 23, 1969 while in the course of his employment with the 7-Up Bottling Company (7-Up). On July 9, 1969, Whiteman entered into an agreement with the insurance carrier for 7-Up providing for the payment of compensation at the rate of $60 per week. On January 6, 1971, 7-Up filed a petition for termination alleging that Whiteman's disability had "ceased and terminated on September 21, 1970." On February 22, 1973, following a hearing, the referee awarded Whiteman compensation for total disability from September 21, 1970. No appeal was taken from the referee's order, but on that same day, February 22, 1973, Whiteman filed a petition for further medical services pursuant to section 306(f) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §531.¹On July 6, 1973, the Board granted the petition for further medical services, and ordered 7-Up and/or its insurance carrier, to pay for such services beginning February 22, 1973, in an amount not to exceed $2,000. On February 20, 1974, Whiteman filed his "Petition for Rehearing Re: Granting Retrospective Medical Expenses." On May 23, 1974, the Board denied the requested rehearing, holding that it had no

---

1. Section 306(f) of the Act, as it was in effect at the time of Whiteman's accident, provided that: "[d]uring the first twelve months after disability begins, the employer shall furnish reasonable surgical and medical services. . . . The board may order further medical, surgical and hospital services if it is established that further care will result in restoring the injured employe's earning power to a substantial degree." See Act of December 31, 1965, P.L. 1284, §3. By the Act of March 29, 1973, P.L. ——, No. 61, §12, 77 P.S. §531 (Supp. 1974-1975), effective May 1, 1972, there is no longer a limitation of time on the employer's liability for such expenses and, of course, no requirement of application for further expenses.

authority to award the payment of retrospective medical expenses. Whiteman now appeals to this Court arguing that the Board should have granted a rehearing and awarded retrospective medical benefits.

An order denying rehearing is within the discretion of the Board and is reversible only upon a showing that the Board abused its discretion. *See Kelly v. North American Refractories,* 13 Pa. Commonwealth Ct. 321, 319 A.2d 428 (1974).

We need not discuss the issue involved here at any length because this Court recently dealt with the same issue in *Lerner v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 561, 322 A.2d 779 (1974). In *Lerner* we held that it is well-settled that the Board may not grant further medical services on the basis of a petition filed after the rendition of the services. The Board quite correctly held that it lacks the power to award retrospective medical services. The Board did not abuse its discretion in denying Whiteman's petition for rehearing and, therefore, we must affirm. In accordance with the above we therefore

ORDER

AND NOW, this 24th day of March, 1975, the order of the Workmen's Compensation Appeal Board, dated May 23, 1974, is hereby affirmed.