**WESTERN KRAFT EAST, INC.**

v.

**UNITED PAPERWORKERS INTERNATIONAL UNION, LOCAL 375.**

**Civ. A. No. 81–0700.**

United States District Court,
E. D. Pennsylvania.

Feb. 4, 1982.

Peter M. Stern, and Robert D. Kaplan, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for plaintiff.

Bruce E. Endy, and Margaret A. Browning, Meranze, Katz, Spear & Wilderman, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

Defendant, United Paperworkers International Union Local 375, seeks reconsideration of the September 21, 1981 order denying its motion for summary judgment on its counterclaim for enforcement of a labor arbitrator's award. For the reasons set forth below, defendant's motion shall be granted and judgment entered in its favor.

On February 24, 1981, plaintiff-employer, Western Kraft East, Inc., brought suit under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976), seeking to vacate an arbitration award entered against it on December 8, 1980, and to enjoin defendant-union from enforcing the

award. In defendant's answer to the complaint, it asserted a counterclaim seeking enforcement of the award. By an amended answer filed with court approval, defendant raised a statute of limitations defense. Thereafter, defendant moved for judgment on the pleadings, or in the alternative, for summary judgment on the grounds, *inter alia*, that plaintiff's complaint to set aside the arbitration award was time barred. The motion was unopposed and, on September 21, 1981, an order issued without opinion granting defendant's motion for summary judgment as to plaintiff's action to vacate, but denying the motion as to the counterclaim because of uncertainty as to whether plaintiff would be entitled to assert certain defenses to the action to enforce.

In its motion for reconsideration, defendant asserts that plaintiff should not be permitted to raise, by way of defense to its enforcement counterclaim, claims which are time barred in plaintiff's suit to vacate the award. Although it filed no opposition to the original summary judgment motion, plaintiff opposes the present motion to reconsider, asserting that it may be entitled to raise certain unspecified defenses to the counterclaim.

Since defendant's motion was accompanied by affidavits and exhibits, I shall treat it as a motion for summary judgment. Fed.R.Civ.Pro. 12(c). In deciding a motion for summary judgment, the court must determine whether there exists any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c).

Applying these standards, it is evident that summary judgment must be granted in favor of defendant on its counterclaim.

### A. *Plaintiff's Suit to Vacate the Arbitration Award*

First, I shall address the prior grant of summary judgment in favor of defendant on plaintiff's suit to vacate the arbitration award. Congress has not enacted a statute of limitations governing actions brought pursuant to section 301 of the Labor Management Relations Act, but the Supreme Court has held that the "timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966) (footnote omitted). While *Hoosier Cardinal* did not specifically address suits to vacate arbitration awards under section 301, a subsequent Supreme Court opinion, *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), tacitly approved the *Hoosier Cardinal* doctrine in the context of a section 301 suit to vacate an arbitration award by upholding the district court's application of a ninety day state statute of limitations. Any doubt about the applicability of the *Hoosier Cardinal* doctrine to suits to vacate or confirm arbitration awards in this circuit was recently laid to rest by the decision of the Third Circuit in *Service Employees International Union, Local No. 36 v. Office Center Services, Inc.*, 670 F.2d 404 (3d Cir., 1982). In this case, the court specifically held that the timeliness of actions to vacate or confirm arbitration awards under section 301 is governed by the appropriate state statute of limitations. *Id.* at 409.

Under *Hoosier Cardinal*, the appropriateness of a state statute of limitations is to be determined, as a matter of federal law, by characterizing the cause of action and selecting the state limitations period governing such actions, consistent with the goals of federal labor policy.

It is not disputed that the plaintiff's complaint in this case is best characterized as a section 301 suit to vacate an arbitration award. Nor is it disputed that Pennsylvania law is the state law to which the court must look in this case.[1] Until recently the

---

1. Both parties have assumed that Pennsylvania's limitations law is applicable. However, plaintiff is an Oregon corporation, and its Bell-

mawr, New Jersey plant is the workplace of the employee involved in the underlying labor dispute. Thus, I must consider whether Pennsyl-

statute of limitations in Pennsylvania for actions to vacate arbitration awards was three months under the Pennsylvania Uniform Arbitration Act, 5 Pa.Stat.Ann. § 173 (Purdon 1963) (repealed).

On October 5, 1980, however, the Pennsylvania General Arbitration Act was repealed and replaced, in relevant part, by Pennsylvania's enactment of the Uniform Arbitration Act, 42 Pa.Cons.Stat.Ann. §§ 7301–7362 (Purdon 1981). The statutory scheme set forth in Pennsylvania's Uniform Arbitration Act provides that all arbitration agreements shall be conclusively presumed to be agreements to arbitrate pursuant to 42 Pa.Cons.Stat.Ann. § 7341, the subchapter relating to common law arbitrations, unless the parties agree in writing to arbitrate pursuant to the Uniform Arbitration Act or a similar statute. 42 Pa.Cons.Stat.

Ann. § 7302(a). Here, the parties did not agree to statutory arbitration. Therefore, their agreement is one to arbitrate pursuant to the subchapter relating to common law arbitration. The new Act, which became effective on December 5, 1980, reduced the limitations period on actions to vacate statutory arbitration awards to thirty days, computed from the time a copy of the award is delivered to complainant.[2]

■ There is no express comparable provision in the subchapter relating to common law arbitration. The thirty day limitations is, therefore, not directly applicable to common law arbitrations. Under the *Hoosier Cardinal* doctrine, I must apply the "appropriate" state statute of limitations. I find the thirty day limitations period for statutory arbitrations to be the most appropriate

---

vania limitations law is, in fact, the appropriate state law to apply. In *Hoosier Cardinal*, the United States Supreme Court did not consider whether state or federal choice of law rules applied in determining the appropriate state statute of limitations. *See Hoosier Cardinal*, 383 U.S. at 705 n.8, 86 S.Ct. at 1113 n.8.

There is a significant line of federal authority holding that when a federal statute does not provide a specific period for its enforcement, the district court must borrow the period of limitations from the law of the state in which it sits, here Pennsylvania. *Barbarino v. Anchor Motor Freight, Inc.*, 421 F.Supp. 1003, 1006 (W.D.N.Y.1976); *Jones v. Trans World Airlines, Inc.*, 495 F.2d 790, 799 (2d Cir. 1974); *McGuire v. Baker*, 421 F.2d 895, 898 (5th Cir.), *cert. denied*, 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1970); *Klapmeier v. Peat, Marwick, Mitchell & Co.*, 363 F.Supp. 1212, 1214 (D.Minn.1973); *Moviecolor Limited v. Eastman Kodak Co.*, 288 F.2d 80, 83 (2d Cir.), *cert. denied*, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961). Under this approach, Pennsylvania's limitations period would apply both to plaintiff's action to vacate and defendant's counterclaim to enforce the arbitrator's award.

The same result is achieved by applying the choice of law rule set forth in *Klaxon v. Stentor Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), which requires a federal court sitting in a diversity action to apply the choice of law principles of the forum state. While, of course, this case is not a diversity action, the Supreme Court in footnote 8 of *Hoosier Cardinal* raised the possibility that *Klaxon* choice of law principles might apply in a § 301 case. Under the choice of law principles of Pennsylvania, the forum state, Pennsylvania limitations law would apply to both the

action to vacate and to enforce. *Bulkin v. Western Kraft East, Inc.*, 422 F.Supp. 437, 441 (E.D.Pa.1976); *Gee v. CBS, Inc.*, 471 F.Supp. 600, 641 (E.D.Pa.), *aff'd mem.*, 612 F.2d 572 (3d Cir. 1979).

Pennsylvania limitations law provides that a thirty day statute of limitations applies to actions to vacate arbitration awards. *See* notes 2–3 and accompanying text, *infra*. However, an additional consideration under Pennsylvania law is the "borrowing" statute, 42 Pa.Cons. Stat.Ann. § 5521(b) which states that the period of limitations for claims accruing outside the Commonwealth is Pennsylvania law *or* the law of the place where the claim accrued, whichever first bars the claim. Even if plaintiff's claim accrued in New Jersey, the situs of the underlying labor dispute, Pennsylvania's limitations period would still apply to the action to vacate since it first bars plaintiff's claim. In Section B of this opinion, I hold that plaintiff has waived any statute of limitations defense as to defendant's counterclaim to enforce. Therefore, I need not consider the effect, if any, of Pennsylvania's borrowing statute on defendant's enforcement action.

**2.** 42 Pa.Cons.Stat.Ann. § 7314(b) provides that "[a]n application [to vacate an award] shall be made within 30 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud, misconduct or other improper means, it shall be made within 30 days after such grounds are known or should have been known to the applicant." Plaintiff's complaint does not allege as grounds to vacate the award that the award was predicated upon corruption, fraud, misconduct or other improper means.

statute of limitations for the following reasons: (1) The former three month statute of limitations, 5 P.S. § 173, which applied to common law arbitrations was specifically repealed on October 5, 1980 (effective in sixty days). (2) In place of the old Arbitration Act, the Pennsylvania legislature enacted the new Uniform Arbitration Act on October 5, 1980 (effective in sixty days). The thirty day limitations period for statutory arbitrations is the only limitations period for motions to vacate set forth in the new Act. (3) While the Pennsylvania Supreme Court has not addressed the issue as to what limitations period should be applied to common law arbitrations, I find that the thirty day period can be appropriately applied to motions to vacate common law arbitration awards, since it is the most closely analogous statute.[3] Moreover, I do not find it inconsistent with the federal policy favoring rapid disposition of labor disputes.

The uncontradicted facts establish that this thirty day statute of limitations was effective prior to plaintiff's receipt of the arbitrator's decision and prior to commencement of plaintiff's suit to vacate the arbitration award. (Affidavit of Margaret A. Browning, paragraphs 2–4). Thus, unless the new thirty day statute of limitations would contravene some federal policy, it applies to plaintiff's action to vacate.

I find that this limitations period in no way contravenes "those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective bargaining agreement and the private settlement of disputes under it." *Hoosier Cardinal*, 383 U.S. at 702–03, 86 S.Ct. at 1111. The shorter limitations period encourages finality in the disposition of disputes through the arbitration process and manifestly serves the general federal policy of resolving labor disputes promptly. *See Hoosier Cardinal*, 383 U.S. at 707, 86 S.Ct. at 1114; *United Parcel Service, Inc. v. Mitchell*, 451 U.S. at 63, 101 S.Ct. at 1564.

By way of dictum, *Hoosier Cardinal* suggests that the trial court should also consider whether a state's limitations period is *unusually* short. *Hoosier Cardinal*, 383 U.S. at 707 n.9, 86 S.Ct. at 1114 n.9.[4] In essence, plaintiff's action to vacate constitutes an appeal from the arbitrator's award. Appeals are typically governed by relatively short limitation periods, given the interest in finalizing judgments. *See, e.g.*, Fed.R. App.Pro. 4(a)(1) (appeal as of right must be within thirty days of entry of judgment or order); E.D.Pa.R.Civ.Pro. 8(7) (trial *de novo* must be demanded within twenty days of filing of arbitration award).

This interest in finality is particularly important in § 301 actions to vacate arbitration awards, where federal labor pol-

**3.** In *Lewis v. Erie Insurance Exchange*, 421 A.2d 1214, (Pa.Super.1980), the Pennsylvania Superior Court held that 5 P.S. § 173 (the former three month limitation period) was applicable to a motion to vacate a common law arbitration award in an uninsured motorist case since the three month period had not been repealed specifically by, and could be reconciled with, 42 Pa.Cons.Stat.Ann. § 5571(b), which provided a thirty day limitation period for appeals from a tribunal or other government unit. *Id.* at 1218. The *Lewis* court was concerned with reconciling two potentially inconsistent statutes, in order to avoid a conclusion that the former statute had been repealed by implication. Since the *Lewis* decision issued, however, the three month limitation period was specifically repealed and replaced by the new Uniform Arbitration Act. Thus, I do not find the *Lewis* analysis dispositive in this case, and I find the 30 day limitation period is applicable since it is the most closely analogous statute for purposes of filling any limitations

gap in the common law arbitration statute. I note that the subchapter relating to statutory arbitrations contemplates that collective bargaining agreements to arbitrate controversies may fall within its provisions. 42 Pa.Cons.Stat. Ann. § 7302(b). Moreover, the subchapter on common law arbitrations is referred to in the section pertaining to vacating statutory arbitration awards. *Id.* at § 7314(a)(1)(i). *See Atlantic Richfield Company v. Atlantic Independent Union*, No. 81–3160 (E.D.Pa. January 7, 1982) (30 day statute applied). *But see Simms v. NVF Corp.*, No. 81–3494, (E.D.Pa. January 8, 1982).

**4.** In footnote 9 of its opinion in *Hoosier Cardinal*, the Supreme Court stated that "other questions would be raised if this case presented a state law characterization of a § 301 suit that . . . required application of an unusually short . . . limitations period." *Id.*

icies encourage prompt and final resolution of disputes through the arbitration process. *See Office Center Services*, 670 F.2d at 412. ("The policy of quickly resolving [labor] disputes ... favors a short limitations period for such challenges." *Id.*) Thus, I find that the thirty day statute is not unusually short under the circumstances of this case. *See Atlantic Richfield Company v. Atlantic Independent Union*, No. 81–3160 (E.D.Pa. January 7, 1982) (applying 30 day statute of limitations to § 301 action to vacate arbitration award); *De Lorto v. United Parcel Service, Inc.*, 401 F.Supp. 408, 409 (D.Mass.1975) (action to vacate arbitration award held barred by the state 30 day limitations period); *United Parcel Service, Inc. v. Mitchell*, 451 U.S. at 63, 101 S.Ct. at 1564 n. 5 (dicta) (most state statutes of limitations on actions to vacate arbitration awards are ninety days or less.)[5]

Applying the thirty day statute of limitations in this case, the arbitrator's award was received as early as December 15, 1980 and certainly not later than January 16, 1981. The action to vacate was filed on February 24, 1981, beyond the thirty day limitation period. Plaintiff has not come forward with any mitigating explanation for the untimely filing. Accordingly, on the merits, I find that the action to vacate the award is time-barred and that defendant is entitled to summary judgment in its favor as to plaintiff's complaint.

### B. *Defendant's Counterclaim to Enforce the Arbitration Award*

█ Based on the Third Circuit's decision in *Office Center Services, infra*, 670 F.2d at 410–412, I am now satisfied that once an action to vacate is time-barred, a party is thereby precluded from asserting defenses to a counterclaim for enforcement which could have been raised in a timely suit to vacate the award. There, the plaintiff-union sought to confirm an arbitration award entered against defendant-employer. The

district court ruled that the objections to confirmation raised by defendant-employer were affirmative defenses which were waived since they were not timely raised in a motion to vacate. The Third Circuit affirmed, stating that "if a defendant has important defenses to an arbitration award, he should raise them within the period prescribed for actions to vacate rather than wait to raise them as defenses in a confirmation proceeding." *Id.* at 412. The court then reasoned that adherence to the relatively short statute of limitations for actions to vacate, which was then three months, furthered the policy of promoting finality in the arbitration of labor disputes. *Id.* at 412. The court held that under the then applicable three-month Pennsylvania statute of limitations, the failure to raise objections in three months which could have been raised in a motion to vacate, modify, or correct the award bars raising these objections in subsequent confirmation proceedings. *Id.* at 412.

Under the principles set forth in *Office Center Services*, the plaintiff in this case cannot assert as affirmative defenses to the counterclaim the various grounds it asserted as a basis for vacating the arbitrator's award, namely, (1) that the arbitrator's findings and conclusions were clearly erroneous, (2) that they did not draw their essence from the collective bargaining agreement and (3) that the arbitrator was biased against plaintiff.

█ The only defense raised by the plaintiff, whether by its answer to the counterclaim or in response to defendant's motion to reconsider, is that defendants' claim is not one upon which relief can be granted. On that basis alone, it seeks to vacate the arbitration award. The essence of this defense is identical to the substantive allegations of plaintiff's complaint to vacate, *i.e.*, that the arbitration award is improper and should be vacated. Such a defense, therefore, falls squarely within the category of

---

**5.** The Federal Arbitration Act requires a motion to vacate an arbitration award to be filed within ninety days after the award is filed or delivered. 9 U.S.C. § 12 (1978). However, un-

der *Office Center Services*, it is clear that the point of reference for determining the applicable statute of limitations in this case is state law.

grounds which necessarily would have been advanced in an action to vacate the award. Since the action to vacate was untimely, its gravaman cannot now be asserted as a timely defense to the counterclaim in order to obtain the same affirmative relief—vacation of the arbitration award. In short, plaintiff may not do indirectly what the statute of limitations forbids it to do directly.[6]

 Plaintiff has not asserted any other defense in its pleading and none has been raised by motion. However, it argues that certain defenses such as timeliness or jurisdiction can be raised at any time. Even if plaintiff's argument survives the Third Circuit's holding in *Office Center Services*, I find it is meritless. There is no evidence of record indicating that a jurisdictional defense could be properly asserted in this case. The mere fact that a jurisdictional defense *may* be raised at any time does not, of itself, create a disputed factual issue which would warrant denial of defendant's motion for summary judgment.

 Nor is plaintiff entitled to raise a statute of limitations defense. Fed.R.Civ. Pro. 8(c) requires that in a pleading to a preceding pleading a party shall set forth affirmatively all of its affirmative defenses including statute of limitations.[7] Generally, failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. C. Wright & A. Miller, *Federal Practice and Procedure* § 1278, at 399–41 (1973). In particular, the statute of limitations defense has been held waived when not pleaded. *Roseman v. Hassler*, 382 F.Supp. 1328, 1341 (W.D.Pa. 1974), *aff'd*, 520 F.2d 1364 (3d Cir.), *cert. denied* 424 U.S. 921, 96 S.Ct. 1128, 47 L.Ed.2d 329 (1975); *see* C. Wright & A. Miller, *supra*, § 1278, at 340–41 & n.39; *cf. Strauss v. Douglas Aircraft Co.*, 404 F.2d

1152 (2d Cir. 1968) (statute of limitations defense waived if not pleaded "at the earliest possible moment." *Id.* at 1155).

 Here, plaintiff did not assert the statute of limitations defense in its answer to the counterclaim. Nor did plaintiff attempt to amend its answer to assert such a defense. The possibility of a statute of limitations defense was first suggested in plaintiff's response to defendant's Motion for Reconsideration. Even so, plaintiff did not assert a defense, it merely argued that such a defense *could* be raised at any time. Under these circumstances, I hold, as a matter of law, that plaintiff has waived any statute of limitations defense by failing to plead it.

Aside from raising the spectres of timeliness and jurisdiction, plaintiff does not offer any factual basis for denial of defendant's summary judgment motion. Accordingly, defendant's motion for reconsideration is granted and summary judgment in favor of defendant on its counterclaim to enforce the arbitration award is granted.

---

6. The *Office Center Services* decision does not constitute an "unheralded pronouncement," since other decisional authority held that a party cannot assert grounds which were time-barred in an action to vacate as defenses in a subsequent action to enforce an arbitration award. *Office Center Services*, 670 F.2d at 412–414. *See, e.g., Chauffers, Teamsters,*

*Warehousemen & Helpers Local 136 v. Jefferson Trucking Co.*, 628 F.2d 1023 (7th Cir. 1980).

7. I must look to the Federal Rules of Civil Procedure to determine whether defenses to an action have been timely raised, even when a state period of limitation for a federal cause of action is being applied. *Santos v. District Council*, 619 F.2d 963, 967 (2d Cir. 1980).