Joseph M. Noel, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation), Respondents.

Argued May 6, 1982, before Judges Blatt, Williams, Jr. and MacPhail, sitting as a panel of three.

568

*James R. Duffy,* for petitioner.

*Raymond F. Keisling, Will & Keisling,* for respondent, Jones & Laughlin Steel Corporation.

OPINION BY JUDGE WILLIAMS, JR., December 28, 1982:

Joseph M. Noel, Jr. (claimant), has appealed from an order of The Workmen's Compensation Appeal Board (Board) reversing the referee's award of medical and hospital service expenses.

On June 18, 1971, the claimant incurred serious injury to his right eye while working in the course of his employment with Jones & Laughlin Steel Corporation. Specifically, he suffered a laceration of the cornea of his right eye, and lacerations of the bridge of his nose, causing loss of two thirds of the lens and loss of the iris. Without filing a claim, the claimant signed an agreement for compensation with his employer on August 25, 1971. At that time the claimant's wage was one hundred fifteen dollars per week; so the employer agreed to pay compensation at the rate of sixty dollars per week, beginning June 26, 1971. A supplemental agreement, dated December 17, 1971, provided the claimant with specific loss benefits for the loss of his right eye, at the rate of sixty dollars per week for one hundred fifty weeks. This supplemental agreement indicated that Noel was able to return to work on December 13, 1971, and that the

agreement did not include compensation for disfigurement. A second supplemental agreement, entered into by the parties on August 19, 1975, provided compensation for disfigurement at the rate of sixty dollars per week for fifty weeks beginning October 28, 1974 and ending October 12, 1975. In October, 1975, the claimant executed a final receipt.

In April, 1973, Joseph Noel started to exhibit psychiatric and psychological problems. On April 24, 1973 the claimant was hospitalized at the Western Psychiatric Institute in Pittsburgh for psychiatric evaluation. After the initial hospitalization in April, 1973, the claimant had in excess of fourteen hospitalizations for psychiatric care in the Pittsburgh area and in the Columbus, Ohio area. Due to the incurrence of medical expenses and the apparent need for more, on March 8, 1976, Noel filed a Petition to Set Aside the Final Receipt. Therein the claimant stated that his disability had not terminated and that he continued to require medical attention as a result of the eye injury sustained on June 18, 1971. The employer answered the Petition by denying the claimant's averments. The employer alleged that Noel's medical treatment was not related to the injury and that all disability had terminated when the final receipt was executed.

On the basis of testimony presented by both parties at hearings held on June 21, 1976, February 15, 1977, July 7, 1978 and June 3, 1980, referee Duane A. Darkins set aside the final receipt and awarded benefits to the employee for a continuing total disability. The referee found that a causal relationship existed between the employee's paranoid schizophrenia and the loss of his eye, that the employee's disability had not ceased at the time the final receipt was signed, and that the employee was totally disabled from the

compensable injury when the final receipt was signed. Additionally, the referee found that the claimant had been disabled from the date of the accident, excepting a short period in 1974 when he attempted to work as a security guard. In accordance with his findings of fact, the referee concluded that the employer was also responsible for payment of the claimant's medical and hospital expenses.

The employer appealed to the Board from the referee's decision. The employer contended that the referee had erroneously applied the law as it stood after 1972 to a pre-1972 injury and that the award of medical benefits was improper. Without taking additional testimony, the Board affirmed the decision of the referee reinstating disability benefits pursuant to Section 306(a) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. 511. However, the Board reversed the referee's order directing the employer to pay the claimant's expenses for medical treatment and services.

The Board reasoned that it must apply the provisions of the Act, as they stood in June, 1971, when the claimant sustained his injury. The Act, as it stood prior to the 1972 Amendments, provided in Section 306(f), 77 P.S. 531, that during the first twelve months after disability begins the employer shall furnish reasonable surgical and medical services. That provision also stated that the Board could order further medical, surgical, and hospital services beyond the first twelve months after disability began, if it was established that further care would restore the claimant's earning power to a substantial degree. The Board concluded that the referee had no authority to order payment of any medical and hospital

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

services provided to the claimant beyond the twelve month period, and that the claimant's recourse was a petition for further medical services prior to obtaining them.

In the instant appeal, the claimant asserts that he had a right to reimbursement for the costs of hospitalization and psychiatric evaluations incurred frequently between April 24, 1973 and February 16, 1976. Our scope of review includes determining whether any constitutional rights were violated or errors of law were committed. *Costanzo v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 249, 410 A.2d 967 (1980). Thus, we will focus on the issue whether the Board's order reversing the referee's award of medical and hospital treatment expenses was an error of law, since the claimant has raised no constitutional challenge.[2]

The appropriate procedural mechanism by which the claimant should have attempted to obtain reimbursement for the medical expenses was a major concern of the employer. The claimant states that he was not represented by counsel when he might have timely petitioned the Board for further medical services. He also argues that because he filed a petition to set aside the final receipt, that petition should now be treated as a *nunc pro tunc* petition for further medical services. It is interesting to note here that the claimant did not request that his petition to set aside the final receipt be treated as a *nunc pro tunc* petition for further medical services during the hearings of June 21, 1976; February 15, 1977; July 7, 1978; and June 3, 1980. The employer asserts that regardless of the title of the petition the claimant failed to

---

[2] We are aware that our general scope of review also encompasses reviewing findings of fact. However, in the instant case there are no issues of fact, but solely one of law.

meet his burden of proving that the treatment would substantially restore his earning power.

In accordance with Section 306(f), prior to the 1972 Amendments, the employer is liable for medical expenses during the first twelve months after disability begins. Also, under that provision, the Board may order further medical, surgical, and hospital services beyond the twelve months after disability began if it is established that further care would restore the injured claimant's earning power. *See City of Pittsburgh v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 246, 315 A.2d 901 (1974).

The claimant argues that he should benefit from the 1972 Amendments to the Act which deleted from the language of Section 306(f) the phrase ". . . if it is established that further care will result in restoring the injured employee's earning power. . . ." He asserts that the burden of proof necessary to obtain further medical, surgical and hospital services prior to the 1972 amendments should not apply to his petition. We note here that the 1972 Amendments also deleted the language which restricted the employer's liability for medical, surgical and hospital services to twelve months after the disability began. The 1972 Amendments extended the employer's liability and reduced the claimant's burden of proof. These changes definitely affected the rights and liabilities of the parties. It has been held that where the legislature amends the provisions of an act, thereby affecting vested rights or impairing contractual obligations, that legislation will not be construed to be retroactive unless it is declared so in the act. *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 110 A. 731 (1920); *Seneca v. Yale & Towne Mfg. Co.*, 142 Pa. Superior Ct. 470, 16 A.2d 754 (1940). In the instant case, Sec-

tion 306(f) of the Act, as it stood in June 18, 1971 (the date of the claimant's injury), must be applied. The claimant's substantive rights vested as of the date when the compensable disability occurred, with entitlements fixed in accordance with the statutory version in effect as of that date. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Established precedent prescribes that the right to further medical services is prospective, not retrospective. *Pickens v. State Workmen's Insurance Fund,* 140 Pa. Superior Ct. 258, 13 A.2d 896 (1940). Subsequently, this court has also held that under the provisions of The Pennsylvania Workmen's Compensation Act, prior to the 1972 amendments, a petition requesting further medical services will not be granted when it is not filed until after the requested services have been rendered. *Whiteman v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 100, 334 A.2d 783 (1975); *Lerner v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 561, 322 A.2d 779 (1974).

Mr. Noel began his psychiatric hospitalization in April, 1973, approximately one year and ten months after his disability began. It was not until March 8, 1976, that he petitioned to set aside the final receipt executed in October, 1975. And it was not until this appeal that the claimant requested that his petition to set aside the final receipt be treated as a *nunc pro tunc* petition for further medical services. Even if we were to treat the petition filed on March 8, 1976 as a petition for further medical services, that petition could not relate back to the prior period of hospitalizations. In short, the claimant is not entitled to reimbursements for medical services furnished prior to his petition.

We must therefore affirm the Board's decision of April 2, 1981. Although we are cognizant that Section 306(f) of The Pennsylvania Workmen's Compensation Act, 77 P.S. 531, as it stood in 1971, subjected an injured employee's health and rehabilitation to the common problems of litigation delays and proof, we must, nonetheless, apply the law squarely.

### ORDER

AND Now, the 28th day of December, 1982, the order of the Workmen's Compensation Appeal Board at Decision No. A-79594 is affirmed.